DISTRICT OF MASSACHUSETTS
EASTERN DISTRICT

| | |
|---|---|
| CRYSTAL EVANS,<br>      Plaintiff,<br><br>v.<br><br>FRANCIS X. MESSINA, JR. TRUSTEE OF<br>PEARL PLAZA REALTY TRUST<br>u/d/t dated January 29, 1992,<br>      Defendant. | Civil Action No. |

## COMPLAINT

(Injunctive Relief Demanded)

Crystal Evans on behalf of herself, and on behalf of all other individuals similarly situated, hereby bring this action against Defendant, Francis X. Messina, Jr., Trustee of Pearl Plaza Realty Trust u/d/t dated January 29, 1992, for injunctive relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), for Defendant's failure to provide equal access to a place of public accommodation by virtue of its ownership and operation of the premises and indirectly via various lease agreements with tenants operating at the premises, all as hereinafter set forth.

PARTIES:

1. Plaintiff, Crystal Evans ("Ms. Evans"), qualifies as an individual with disabilities as defined by the ADA. Ms. Evans is a disability rights advocate.

2. Ms. Evans is diagnosed with mitochondrial myopathy, a neuromuscular disease that inhibits muscle function and affects the nervous system. She has undergone a tracheotomy

and relies on a ventilator to breathe. She is mobility impaired and uses a wheelchair to ambulate.

3. Ms. Evans lives in Braintree, Massachusetts with her husband and her young daughter.

4. Defendant, Francis X, Messina, Jr., Trustee of Pearl Plaza Realty Trust u/d/t dated January 29, 1992, ("Defendant") owns, leases, leases to, and/or operates a place of public accommodation, as defined by the ADA and the regulations implementing the ADA, 28 CFR §§ 36.201(a) and 36.104, to wit, the Granite Street Plaza located at 120-140 Pearl Street, Braintree, Massachusetts (the "Plaza" or the "Property").

APPLICABLE LAW:

5. As the owner, lessor, lessee, or operator of the Property, Defendant is required to comply with the ADA. To the extent the Property, or portions thereof, existed prior to January 26, 1992 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at the Property whose removal was readily achievable, as required by 42 U.S.C. §12182.

6. To the extent the Property, or portions thereof, were designed and constructed for use and occupancy subsequent to January 26, 1992 ("newly constructed facility"), owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. §12183.

7. To the extent that the facility, or portions thereof, were altered subsequent to January 26, 1992, in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a

manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

8. Pursuant to 28 C.F.R. § 36, Subpart D, discrimination for purposes of this part includes a failure to design and construct facilities for first occupancy after January 26, 1992, that are readily accessible to and usable by individuals with disabilities.
9. Pursuant to 28 C.F.R. § 36.402 any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
10. Pursuant to 28 C.F.R. § 36.304, a public accommodation shall remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense.
11. Pursuant to 28 CFR § 36.201(b), both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are subject to the requirements of the ADA. Lease of such property by an owner to a third party does not insulate the owner from liability.
12. Failure to comply with these requirements constitutes a violation of the ADA.

<u>JURISDICTION AND VENUE</u>:

13. Venue is properly located in the District of Massachusetts because the Property lies in the judicial district of Massachusetts.

14. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

FACTS:

15. Defendant 'owns, leases, leases to, and/or operates' the real property located at 120-140 Pearl Street, Braintree, Massachusetts, and various places of public accommodation at the Plaza including, upon information and belief, the following tenants:

    Bank of America ATM (92 Pearl Street); Pearl Wine and Liquors, (96 Pearl Street); Gentle Dental (103 Pearl Street); GameStop (117 Pearl Street); Supercuts (119 Pearl Street); Plaster Fun Time (121 Pearl Street); Michaels (121 Pearl Street); Mattress Firm (125 Pearl Street); United States Postal Service (125 Pearl Street); Shaw's (125 Pearl Street); Ess Aar Salon (131 Pearl Street); Marshalls (135 Pearl Street); Burger King (165 Pearl Street); Tennessee's BBQ (173 Pearl Street); Zen Nails and Spa (175 Pearl Street); and Subway (179 Pearl Street).

16. Ms. Evans visited the Plaza and encountered architectural barriers at the Property that discriminate against her because of her disability. The barriers to access at the Property have endangered her safety and have denied her the full and equal access to Defendant's property. Ms. Evans plans to return to the Plaza once the barriers to access have been corrected, to avail herself of the goods and services offered to the public at the Property and determine if the Property has been made ADA compliant.

17. Ms. Evans has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

18. Ms. Evans has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this Property as described in, but not necessarily limited to, the allegations herein. Ms. Evans has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

19. Ms. Evans is continuously aware of the violations at the Property and is aware that it would be a futile gesture to return to the Property as long as those violations exist unless she is willing to suffer additional discrimination.

20. Because of the barriers Ms. Evans personally encountered, which barriers are listed below, Ms. Evans was denied access to the Property and the Defendant has discriminated against her and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by 42 U.S.C. § 12182 et seq.

21. The violations present at the Property infringe on Ms. Evan's right to travel free of discrimination. Ms. Evans has suffered, and continues to suffer, frustration and humiliation because of the discriminatory conditions present at the Property. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal

enjoyment of goods, services, facilities, privileges and/or accommodations available to the general public.

## ADA ACCESSIBILITY VIOLATIONS ENCOUNTERED

22. A preliminary inspection of Defendant's facility has shown that violations exist. These violations that Ms. Evans has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include, but are not limited to:

*Exterior*:

   a. There is no accessible route from the public right of way into the Plaza or throughout the Plaza, as required pursuant to §§ 206, 402 of the ADA Accessibility Guidelines (the "ADAAG");
   b. Many of the existing parking spaces at the Plaza are on slopes and cross slopes. Parking space ground surfaces and access aisles are required to be no more than two percent (2%) in all directions in accordance with § 502.4 of the 2010 Standards for Accessible Design (the "2010 Standards");
   c. The parking area at the Plaza does not provide directional and instructional signage to compliant accessible parking spaces, as required pursuant to § 216.5 of the ADAAG;
   d. There are parking spaces at the Plaza requiring persons with disabilities to walk behind or pass behind parked vehicles, in violation of § 502.3 of the 2010 Standards;
   e. There are access aisles that have slopes and are not in compliance with § 502.2 of the 2010 Standards;
   f. There are parking spaces at the Plaza labeled as disabled parking that are not in compliance with requirements of § 502.1 of the 2010 Standards;
   g. The parking area at the Plaza does not have the minimum number of van disabled parking spaced required under § 208.2 of the 2010 Standards;
   h. There is no accessible route for persons with disabilities to safely maneuver through the parking area, as required under § 502.3 of the 2010 Standards;
   i. There is no compliant accessible route to the accessible entrances from the site arrival points, in violation of §§ 206.2, 208, 401.1, 502 of the 2010 Standards;

    j. The Plaza does not provide a compliant accessible route to the accessible entrances from the site arrival points as required under §§ 206.2, 208, 401.1, and 502 of the 2010 Standards.

*Interior:*
    a. Certain retail establishments within the Plaza maintaining counters do not have a lowered counter, as required pursuant to § 904 of the ADAAG;
    b. Certain retail establishments within the Plaza do not have restroom signage in compliance with §§ 216 and 703 of the ADAAG;
    c. Certain retail establishments within the Plaza fail to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor, in violation of §§ 309.4, 604, 604.7 of the ADAAG.
    d. Certain retail establishments within the Plaza maintain restrooms with improper maneuvering clearances due to a wall or some other obstruction, in violation of §§ 404, 404.1, 404.2, 404.2.4, 404.2.4.1 of the ADAAG;
    e. Certain retail establishments within the Plaza have sinks that do not have proper insulation or protections from plumbing or other sharp or abrasive objects under a sink or countertop, in violation of §§ 606 and 606.5 of the ADAAG;
    f. Certain retail establishments within the Plaza fail to provide grab bars of proper horizontal length or spacing in the restroom as required along the rear wall or side wall, as required pursuant to §§ 604, 604.5, 604.5.1, and 604.5.2 of the ADAAG;
    g. Certain retail establishments within the Plaza fail to provide restrooms with the minimum required circular turning clearance for a person with a disability due to a wall or some other obstruction, in violation of §§ 304, 304.3, 304.3.1, 603, 603.2, 603.2.1 of the 2010 ADAAG;

*Policies and Procedures:*
    h. Defendant fails to maintain in operable working condition those features of a facility and equipment that are required to be readily accessible to and usable by a person with a disability under the ADA and/or at 28 CFR Part 36, § 36.211.

23. The discriminatory violations described above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation, including all property at the Plaza that Defendant "**owns, leases, leases**

7

**to, and/or operates**" (emphasis added), to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

24. Defendant discriminated against Ms. Evans by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations to its place of public accommodation or commercial facility in violation of 42 U.S.C. §12181 et seq. and 28 CFR §36.302 et seq.

25. Furthermore, the Defendant continues to discriminate against Ms. Evans and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Ms. Evans and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities at the Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

27. Ms. Evans and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, including all property at the Plaza that

Defendant "**owns, leases, leases to, and/or operates**" (emphasis added), in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

28. Ms. Evans is without an adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between Ms. Evans and Defendant, a remedy in equity is warranted. Furthermore, the public interest would disserved by a permanent injunction. Ms. Evans has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. §12205 and 28 CFR §36.505.

29. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR § 36.402; and finally, if the Defendant's Property is one which was designed and constructed for first occupancy subsequent to January 26, 1992, as defined in 28 CFR § 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

30. Upon information and belief, the Property has undergone a number of renovations since January 26, 1992.

31. The removal of the existing barriers is readily achievable.

32. Pursuant to 42 U.S.C. §12188, this court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Defendant's property to make those facilities readily accessible and useable to Ms. Evans and all other persons with disabilities as defined by the ADA; or by closing the Plaza and those places of public accommodation operating therefrom until such time as the Defendant cures the violations of the ADA.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

**WHEREFORE**, Plaintiff respectfully requests the following:

   a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

   b.   Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to maintain on an ongoing basis the accessible facilities at the Plaza.

c.  An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

d.  Such other relief as the court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,
Plaintiff,
By her Attorneys,

Dated: September 27, 2018

*/s/ George W. Skogstrom, Jr.*
George W. Skogstrom, Esquire (BBO#552725)
Tiffany L. Stichel, Esquire (BBO# 672713)
SCHLOSSBERG, LLC
35 Braintree Hill Office Park, Suite 401
Braintree, MA 02184
781-848-5028 – Telephone
781-848-5096 – Facsimile
gskogstrom@sabusinesslaw.com